IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:19-CR-310-1-RP |
| MARCUS BONNER, | § § § | |
| Defendant. | § § | |

**ORDER**

Before this Court is Defendant Marcus Bonner's ("Bonner") Motion to Appoint Investigator. (Mot. Appoint, Dkt. 39). The Government filed a response in opposition. (Resp., Dkt. 47). Based on the record, the relevant law, and the parties' briefs, the Court will deny Bonner's motion.

According to Bonner, he was shot during a mass shooting on March 4, 2018, treated at a hospital, and gave a statement to the police but had "no indication that he was a suspect in any crime, nor was he detained or arrested." (Mot. Appoint, Dkt. 39, at 1–2). Almost two years later, on December 3, 2019, Bonner was indicted for possessing a firearm and ammunition in connection with the shooting. (*Id.* at 2). He was arrested on December 12, 2019 and has remained in custody. (*Id.*).

In his motion, Bonner requests that the Court appoint an investigator pursuant to 18 U.S.C. § 3006A(e) to assist in the preparation of the defense in this case.¹ (Mot. Appoint, Dkt. 39, at 1). 18 U.S.C. § 3006A provides:

---

¹ Bonner titled his motion "ex parte" and states that the disclosures in his motion were made "in reliance upon the understanding that nothing set out in this Motion will be revealed to the prosecution." (Mot. Appoint., Dkt. 39, at 4). However, Bonner did not file the motion ex parte or in some other way that would preclude the Government from viewing it. Bonner's counsel also discussed the motion, including bases for it,

1

> (e) Services other than counsel.
>
> (1) Upon request. Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1).

In support of his request, Bonner asserts that he has no income, and his family has no resources. (*Id.*). He provides an affidavit he completed on October 27, 2020. (Affidavit, Dkt. 39-1). He argues that he needs an investigator because "it has been very challenging to find and interview witnesses" because of the "almost two year time gap before [he] was arrested." (Mot. Appoint, Dkt. 39, at 3). In addition to citing a Texas statute and case, Bonner relies on *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985), to contend that he is entitled to the assistance of an investigator because he has shown that an investigator is needed to assist with an issue that is likely to be a significant factor at trial. (*Id.* at 3). Bonner states that the investigator would assist with several tasks including determining whether he has viable defenses, the presentation of testimony, and the cross examination of the Government's computer forensic witnesses. (*Id.* at 4).

In response, the Government makes two arguments: (1) the record does not support Bonner's assertion of indigency, and (2) Bonner failed to carry his burden of providing specifics to establish his need for an investigator. (Resp., Dkt. 47, at 3–6). As to indigency, the Government points out that Bonner has a retained attorney and previously was represented by a different retained attorney. (*Id.* at 3). The Government also argues that Bonner's October 2020 affidavit contradicts the December 2019 Pretrial Services Report ("PSR") and that Bonner's "situation has not changed

---

during a court conference and asked the Court to consider it. (*See* Minute Entry, Dkt. 44). Finally, when the Court ordered the Government to file a response, (Order, Dkt. 46), Bonner did not object.

from his arrest in December 2019 to the present." (*Id.*). According to the Government, the three instances of contradiction regarding Bonner's financial circumstances are:

| PSR December 2019 | Bonner Affidavit October 2020 |
|---|---|
| Bonner has $250 in cash. | Bonner has no cash. |
| Bonner resides with his mother, at a duplex being rented by his mother. | Bonner pays $1,000 in monthly rent. |
| Bonner is not paying child support. | Bonner pays $300/month in child support. |

(*Id.* at 4).

While Court acknowledges the discrepancies between the PSR and affidavit, the Court will not decide—and the Government does not ask it to decide—which document should prevail in this instance for the Court to make its determination. For this determination, the Court accepts the veracity of both documents and, unlike the Government's assertion, assumes that Bonner's financial circumstances may have changed in the almost year between the time the PSR was filed and when he signed the affidavit. Based on the evidence presented by Bonner, the Court will find him to be indigent for the purpose of determining whether he can obtain an appointed investigator.

Bonner also must establish why he needs the services of an investigative expert. "When requesting investigative services, a defendant must show specifically the reasons why the services are necessary." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). Here, Bonner explains that an investigator would assist with (1) finding and interviewing witnesses—which he says has been difficult because of the amount of time between the incident and his arrest, (2) ballistics testing, (3) viable defenses, (4) the presentation of testimony, (5) the cross examination of the Government's computer forensic witnesses, and (6) evaluating and testifying regarding investigations. (Mot. Appoint, Dkt. 39, at 3–5).

Bonner fails to meet his burden of justifying the authorization of an investigator under Section 3006A(e)(1). *See United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993). Several of Bonner's reasons are general, and not specific, like obtaining an investigator to assist with viable defenses and

the presentation of testimony. "[A] defendant must demonstrate with specificity, the reasons why such services are required." *Id.* Similarly, Bonner states that a "highly contested [issue] in this case is how and when the gun in question was obtained by the Defendant, if at all." (Mot. Appoint, Dkt. 39, at 5). But Bonner does not explain, for example, what efforts have been taken to find witnesses or why the passage of time alone has made that task difficult, why it would be difficult to interview the witnesses, how the witnesses would be relevant, any leads he wishes to follow, or what type of ballistics testing needs to be done on what evidence. *See Gadison*, 8 F.3d at 191 ("No indication was made that any prospective witnesses or other evidence existed in Harris County likely to be relevant to Ferrell's defense. Moreover, no showing was made that defense counsel had ferreted out information through his own efforts which was likely to lead to the discovery of relevant evidence."); *Davis*, 582 at 951–52 ("Defendants did state that the investigator might contact potential witnesses, but they did not mention the relevance of these witnesses, point to any particular lead which needed to be pursued, or explain what investigative efforts had been exhausted."). Finally, the Court is unsure what is meant by Bonner's reference to computer forensic witnesses in this case. The Government states that it has "not disclosed, and [Bonner] has not identified, a computer forensic witness." (Resp., Dkt. 47, at 5).

The Court makes its ruling without an ex parte hearing because the Court was able to determine based on the record before it whether the services are necessary for an adequate defense and whether Bonner is financially unable to obtain those necessary services. *United States v. Rodriguez-Perez*, 428 F. App'x 324, 326–27 (5th Cir. 2011). Moreover, the Fifth Circuit does not "require in all circumstances that [the] district court hold a hearing on an ex parte application for appointment under § 3006A(e)." *United States v. Hardin*, 437 F.3d 463, 470 (5th Cir. 2006).

For these reasons, **IT IS ORDERED** that Bonner's Motion to Appoint Investigator, (Dkt. 39), is **DENIED**.

**SIGNED** on April 13, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE