**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| v.  § | No. 1:19-CR-00310-RP |
| § § | |
| **(1) MARCUS BONNER,** § | |
| *Defendant* § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision, which asks the Court to revoke Defendant Marcus Bonner's term of supervised release. Dkt. 78. The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. For the reasons stated below, the undersigned recommends that the District Court continue Bonner's supervised release with modifications to his current conditions.

**I.   BACKGROUND**

Bonner pleaded guilty to Count 1 of his indictment, which charged him with the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

1

Dkt. 72. The District Court sentenced Bonner to serve 36 months in the custody of the Bureau of Prisons, followed by 36 months of supervised release. *Id.*

According to USPO's petition, Bonner began serving his term of supervised release in June 2022. Dkt. 78, at 1. In August 2022, the Austin Police Department began investigating a shooting Bonner was alleged to have been involved in. *Id.* Officers arrested him in October 2022 following a traffic stop. *Id.* In the search of his car that followed, officers discovered 3.67 ounces of marijuana, which he admitted he had been dealing since he had commenced his term of supervised release. *Id.* Police then searched what they believed to be Bonner's home, where they discovered "several firearms, boxes of different caliber ammunition, and magazine loaders." *Id.* He was then taken into State custody, where he was held until May 11, 2023, when the Travis County District Attorney dropped the charges against him. *Id.* At that point, Bonner was transferred into federal custody, where he currently resides.

USPO's petition seeks to revoke Bonner's supervised release. *Id.* The undersigned set the petition for a hearing, at which the Government, the USPO, Bonner, and his attorney were all present. At the hearing, the parties announced that Bonner had agreed to plead true to the conduct involving his marijuana possession. The Government declined to attempt to prove the petition's allegations regarding the gunplay and firearm possession. The undersigned admonished Bonner of his rights and accepted his plea of true. On the record, the undersigned stated an intention to recommend that Bonner's term of supervised release be revoked with a time-served sentence imposed, along with imposition of an additional term of supervised release.

However, upon further reflection, the undersigned has determined that the appropriate disposition is to continue Bonner's current term of supervised release but with additional conditions.

## II.     FINDINGS OF THE COURT

1. Probable cause exists for the alleged violation of Mandatory Condition 1, that Defendant shall not commit another federal, state, or local crime during the term of supervision.

2. The most serious violation is a Grade C, and Defendant's criminal history category is IV.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of the his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated Mandatory Condition 1 of his term of supervised release, and there is a factual basis in support of that finding.

### III. FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of the defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the Court.

### IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that Bonner's term of supervised release be **CONTINUED** and the USPO's petition to revoke, Dkt. 78, be **DENIED**.

The undersigned **FURTHER RECOMMENDS** that Bonner's current conditions of release be **MODIFIED** to impose, in addition to his current conditions, the following (per USPO's recommendation):

As a monitoring factor so the defendant does not revert to alcohol or drug use, the defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.

As a result of the defendant's current behavior, the defendant shall participate in a cognitive-behavioral and drug treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant shall pay for the costs of the program if financially able.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report

and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 2, 2023.

                                                DUSTIN M. HOWELL
                                                UNITED STATES MAGISTRATE JUDGE