UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO: AU:19-CR-00310(1)-RP |
| | § | |
| (1) Marcus Bonner | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause. On November 2, 2022 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) Marcus Bonner, which alleged that Bonner violated a condition of his supervised release and recommended that Bonner 's supervised release be revoked (Clerk's Document No. 78). A warrant issued and Bonner was arrested. On May 11, 2023, Bonner appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

Bonner appeared before the magistrate judge on June 1, 2023, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on June 2, 2023, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of Bonner, the magistrate judge recommends that this court continue Bonner supervised release. The magistrate judge recommends the additional following

special conditions: 1. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision and 2. The defendant shall participate in a cognitive-behavioral and drug treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant shall pay for the costs of the program if financially able. (Clerk's Document No. 94).

A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) *(en banc).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On June 1, 2023, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation Of United States Magistrate Judge (Clerk's Document No. 93). The court,

having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 95 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant Marcus Bonner's term of supervised release is hereby CONTINUED. In addition, defendant Bonner shall comply with the following special conditions: 1. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision and 2. The defendant shall participate in a cognitive-behavioral and drug treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant shall pay for the costs of the program if financially able.

**IT IS FURTHER ORDERED** that all prior conditions of supervised release are reimposed.

Signed this 2nd day of June, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE